IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN GAINES, Executor of the Estate of Carmel Anne Dotson, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> SUN HEALTHCARE GROUP INC., a foreign corporation, and SUNBRIDGE HEALTHCARE CORPORATION, a subsidiary thereof, <br><br> Defendants. | Case No. 09-CV-220-JHP |

## ORDER

Before the Court are Defendants Sun Healthcare Group, Inc. and SunBridge Healthcare Corporation's Joint Motion to Dismiss [Docket No. 12]; Plaintiff John Gaines' Response in Opposition [Docket No. ]; Defendants' Reply [Docket No. 22]; and Plaintiff's Surreply [Docket No. 27]. For the reasons stated below, Defendants' Motion is DENIED.

## BACKGROUND

Plaintiff, as the executor of the estate of Carmel Anne Dotson, sued Defendants for violations of the Oklahoma Nursing Care Act, 63 O.S. § 1-1901 *et seq*. Defendants filed the instant Joint Motion to Dismiss asserting that the Court lacks subject matter jurisdiction over this matter because there is not complete diversity among the parties. In support of this argument, Defendants contend that Plaintiff is a citizen of Oklahoma for the purpose of determining diversity jurisdiction because the Dotson's citizenship was Oklahoma at the time of her death. Defendants argue that "[b]ecause Dotson (and consequently Plaintiff) are citizens of Oklahoma, and because the nursing home at issue is located in Oklahoma, there is no diversity between the parties." [Docket No. 12, at 7].

In his Response, Plaintiff first disputes Defendants' assertion that he is a citizen of Oklahoma for purposes of this Motion. Although Plaintiff agrees that, as executor of the estate, his citizenship is determined by Dotson's citizenship at the time of her death, he argues that Dotson was domiciled in Kentucky at the time of her death, not Oklahoma. Next, Plaintiff argues that just because the nursing home in question is located in Oklahoma, it does not necessarily mean that it is considered a citizen of Oklahoma for the purpose of determing diversity jurisdiction. Rather, Plaintiff states that Defendants' citizenship for diversity jurisdiction purposes are determined by looking at their states of incorporation and principal places of business. According to Plaintiff, Defendant Sun Healthcare Group, Inc. ("Sun") has its principal place of business in New Mexico and was incorporated in Delaware. Therefore, it has dual citizenship in New Mexico and Delaware. Plaintiff contends that Defendant SunBridge Healthcare Corporation ("SunBridge") has both its principal place of business and place of incorporation in New Mexico. Thus, Plaintiff argues that there is complete diversity in this case because Plaintiff is a citizen of Oklahoma and Defendants are collectively citizens of New Mexico and Delaware.

In Defendants' combined Reply, they do not dispute Plaintiff's allegations regarding their citizenships. Defendants do, however, dispute that Plaintiff is a citizen of Kentucky, alleging again that Plaintiff is a citizen of Oklahoma for the purpose of this Motion. In addition, Defendants raise the new argument that Peak Medical Oklahoma No. 3, Inc. ("Peak No. 3") is a necessary and indispensable party to the suit. Peak No. 3 d/b/a Forest Hills Health Care is the licensed operator of Defendant SunBridge, the nursing home where the underlying events of this lawsuit took place. Defendants argue that Peak No. 3 is a citizen of Oklahoma and if added to this case would defeat the Court's jurisdiction because Plaintiff is also a citizen of Oklahoma.

The Court permitted Plaintiff to file a Surreply to address the new arguments raised in the Reply. Plaintiff reiterated his position that his citizenship is Kentucky, therefore, there is complete diversity even if Peak No. 3 is added as a party. Plaintiff, however, stressed that Peak No. 3 is not currently a party to this action and Plaintiff made a conscious decision not to sue Peak No. 3.

## DISCUSSION

"Except as otherwise expressly provided . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff contends that this Court has original jurisdiction over this action based upon 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). None of the parties argue that the amount in controversy is less than $75,000. Thus, the only issue is whether there is complete diversity among the parties.

"[T]he legal representative of the estate of a decedent is deemed to be a citizen of the same state as the decedent for diversity jurisdiction purposes." *Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 447-48 (5th Cir. 2003) (citing 28 U.S.C. § 1332(c)(2)). For the purposes of diversity jurisdiction under 28 U.S.C. § 13329(a)(1), one is a citizen of the state in which he or she is domiciled. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). "'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal citations omitted). Domicile is established by physical presence in a place in connection with an intent to remain there indefinitely. *See Id.*; *Crowley*, 710 F.2d at 678. As a

result, in order for an individual "[t]o effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely." *Crowley*, 710 F.2d at 678.  Furthermore, a temporary absence from an established domicile does not amount to a change in domicile as long as the individual intends to return. 28 C.J.S. Domicile § 42 (2008).  Here, Plaintiff is deemed a citizen of the state where Dotson was domiciled at the time of her death.

Additionally, "[f]or the purposes of [§ 1332] . . . a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Therefore, Defendants are deemed to be citizens of both their states of incorporation and the states where their principal place of business is located.

Based on Defendants' Reply, there does not appear to be a dispute as to the citizenship of Defendants.  Defendant Sun has dual citizenship in New Mexico and Delaware and Defendant SunBridge has a singular citizenship in New Mexico.  Because none of the parties allege that Plaintiff is a citizen of either of these states, whether there is complete diversity is only an issue if Peak No. 3's citizenship is considered.  In fact Defendants' Reply states that "Defendants respectfully request that the Court grant Defendants' Motion, unless Plaintiff is willing to stipulate that he has not sued and will not sue Peak No. 3, in which case Defendants agree that diversity would no longer be in question." [Docket No. 22, at 5].  The Court finds that Peak No. 3 is not currently a party to this action, thus the Court has no reason to consider its citizenship in determining whether the Court has subject matter jurisdiction.

First, the Court points out that Defendants are in violation of LCvR 7.2(h) which limits reply briefs to new matter raised in a response brief.  Here, Defendants raised the issue of Peak No. 3's citizenship and argued that it was a necessary and indispensable party to this action, an

issue that was not raised in Plaintiff's Response. A reply brief was not the appropriate time to raise this issue. Nevertheless, the Court allowed Plaintiff to file a Surreply instead of striking the Defendants' Reply. However, after reading all the briefs, the Court finds Defendants raised the issue of Peak No. 3's citizenship prematurely. Peak No. 3 is not currently a party to this case. Originally there appeared to be some confusion because Plaintiff's Complaint listed "SunBridge Healthcare Corporation d/b/a Forrest Hills Heath Care Center" as a defendant. Forrest Hills Heath Care Center, however, is d/b/a of Peak No. 3, not SunBridge. This confusion seems to have been resolved. Defendants filed a Notice of Party Name Correction [Docket No. 19] and Plaintiff did not object to the notice. Furthermore, Plaintiff's Surreply clearly indicates that he did not intend to sue Peak No. 3.

Because Peak No. 3 is not a party to this suit, its citizenship is irrelevant at this point. Although Defendants summarily assert that Peak No. 3 is an indispensable party,[1] there have been no attempts to join Peak No. 3 to this action. Additionally, while Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), they did not file a Motion to Dismiss for failure to join a party pursuant to Rule 12(b)(7). As a result, the Court has no reason to address the issue at this point of the litigation. As the case stands now, there is complete diversity among the parties and the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. Defendants are citizens of New Mexico and Delaware and Plaintiff is either a citizen of Oklahoma or Kentucky. As it has no bearing on whether the Court currently has subject matter jurisdiction, the Court does not reach the disputed issue of whether Plaintiff is a citizen of Oklahoma or Kentucky.

---

[1] Defendants offer no factual support for their contention that Peak No. 3 is an indispensable party to this action.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma